CASE 19—ACTION TO ENFORCE A MORTGAGE LIEN.—MARCH 20.

# Birchett v. Bank of Shelbyville.

APPEAL FROM SHELBY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT, MARIA B. BIRCHETT AP-
PEALS.  AFFIRMED.

DEPOSITION—NOTICE—EVIDENCE TO BE INTRODUCED.

Held:    Under act of May 17, 1886, regulating the introduction of
genuine writings as evidence for the purpose of comparison with
a disputed writing, and providing that "a party proposing to
introduce such writings must give reasonable notice of his in-
tentions to the opposite party or his attorney, with reasonable
opportunity to examine them before commencement of the trial,"
a notice to take depositions which stated that "certain writings"
would be submitted to the witness for inspection and compar-
ison was sufficient, though it did not state what the writings
were which were to be submitted; the depositions being taken
a sufficient length of time before the hearing to afford the op-
posing party and her counsel a reasonable opportunity to ex-
amine them before commencement of the trial.

BEARD & MARSHALL AND R. F. PEAK, ATTORNEYS FOR APPELLANT.

This suit is on a note for $4,000 secured by mortgage on the
wife's real estate. The appellant, Maria B. Birchett is before
the court on summons, her husband, Dr. J. G. Birchett, by
warning order.

The note and mortgage purport to have been signed by appel-
lant and her husband, and the mortgage purports to have been
acknowledged before the deputy clerk of Shelby county.

The appellant, by her separate answer denies the execution of
the note or mortgage, in short her answer was a plea of *non
est factum*, and by an amended answer, alleged, that she knew
nothing of the execution of the note or mortgage; that she
never received any part of the consideration for which same was
executed, and that some one had personated her in the ac-
knowledgment before the clerk.

Upon these pleadings proof was taken and the case prepared
for trial, and at the January term 1901, of the court, the appel-
lee was permitted, over appellant's objection, to file an amended

petition alleging that the proceeds of the $4,000 note was placed to appellant's credit in appellee's bank, and paid out on her checks, $3,018.60 of which was paid to the Shelby County Trust Co. on a mortgage debt, due by appellant to said trust company.

Thereupon, appellant filed answer to said amended petition traversing same in the first paragraph, and in the second paragraph alleging that if any note or mortgage for $3,000 signed by her was held by said trust company, same was not her act and deed, and her signature thereto was procured by fraud, that at the date of the alleged mortgage to the trust company, she was by reason of the excessive use of morphine mentally incapable of making or understanding the nature of a contract.

Upon these pleadings and proof, a personal judgment was entered against her and an order for the sale of her real estate to pay same, and from this judgment she appeals.

Our contention is that the name of appellant to the note and mortgage is a forgery—that no certificate of an officer can bind her upon that which to her, is an absolute fraud—that the clerk who took the acknowledgment made a mistake, and took the acknowledgment of some unknown person who was then impersonating appellant. He states that he was not acquainted with appellant and is unable to state whether or not she is the person who acknowledged the mortgage and the proof on the part of appellant shows that she is not the person.

### AUTHORITIES CITED.

Civil Code sec. 604, subsec. 3; Fee v. Taylor, 83 Ky., 262; Greenleaf on Ev., vol. 1, sec. 577; Hawkins v. Grimes, 13 B. M., 260; Buchanan v. Buckley, 8 R., 617; Cox v. Gill, 83 Ky., 670; Pribble v. Hall, 13 Bush, 61; Aultman Taylor Co. v. Frazier, 95 Ky., 429; Martin v. Dorothy, 46 L. R. A., 694; Harpending's Exr. v. Wiley, 14 Bush, 380; Dowell v. Mitchell, 82 Ky., 37; Davis v. Jenkins, 93 Ky., 353; Tichner v. Yankee, 89 Ky., 580; Keith v. Feder, &c., 16 R., 588; Kentucky Statutes, sec. 3760.

J. C. BECKHAM & SON, FOR APPELLEE.

The mortgage sued on was on lands owned partly by appellant and partly by her husband. The husband made no defense. The appellant pleaded *non est factum* to the note, mistake in the clerk's certificate, and fraud on the part of her husband, also that she was of unsound mind and incapable of making a contract. We invite the court's careful attention to the original papers on file in this case which are a large

part of the evidence; the seven checks and the mortgages and power of attorney previously executed by appellant and her husband, as well as the original note and mortgage filed with the petition; and believe that an inspection of these papers alone, and the testimony pertaining to them, will convince the court of the flimsy defense of appellant; and with the testimony of Robt. A. Smith, president of the bank will leave no doubt as to the justness of this claim.

On the whole case taking the testimony of Robt. A. Smith, Frank Smith, Doss, Chowning, the secretary and treasurer of the Shelby County Trust Co., and of the mortgages and note and power of attorney and the clerk's certificate to the mortgage, the absolute good faith of the bank from beginning to end, we can not see how it is possible to do otherwise than to affirm the judgment of the lower court, which we respectfully ask.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

This suit was brought by the Bank of Shelbyville to enforce a mortgage given to secure a note of May 19, 1897, for $4,000, payable 12 months after date, upon three lots of land in Shelby county, the property of Mrs. Maria Birchett. Her husband, John G. Birchett, was made a party defendant, but was proceeded against by warning order. Both the mortgage and note purported to be signed by both Maria B. Birchett and her husband. Mrs. Birchett answered, pleading *non est factum* as to both note and mortgage, and in a second paragraph averring that at the date of the execution of the note and mortgage she was of unsound mind, and incapable of executing and delivering the same, or of making a contract. By amendment she pleaded that her husband forged her signature to the note, or caused it to be forged by some one unknown to her; that he fraudulently caused some one else to represent her before the county clerk of Fayette county and acknowledge the mortgage and that the certificate of acknowledgment was a mistake of the clerk. The bank amended its petition to conform to the proof, alleging that the $4,000 obtained on

the note and mortgage sued on was applied by Mrs. Birch-ett to her use and benefit, checked out by her by seven checks signed by her, by one of which, for $3,018.60, she paid off and discharged a note and mortgage to the Shelby-ville Trust Company for $3,000 and interest.  Mrs. Birchett answered the petition as amended, denying that she exe-cuted any of the checks, or got the benefit of any of the money; denied the execution and delivery of the trust com-pany $3,000 mortgage, or that she signed or acknowledged any mortgage before the clerk of the Shelby county court; and averred that, if such mortgage existed, it was procured by fraud practiced upon her in some way unknown to her; that on the date of the execution of the trust company mortgage, April 18, 1896, she was weak in body and mind, having been for many weeks under the influence of mor-phine, and, by reason of the excessive use of morphine, in-capable of making a contract of any character; and that any certificate of any officer certifying that she signed or acknowledged the $3,000 mortgage to the trust company was a mistake.  The clerk who took the acknowledgment to the mortgage sued on remembers very little of the trans-action, and has no recollection of the appearance of the woman who made the acknowledgment.  The clerk who took the acknowledgment to the trust company mortgage of April, 1896, is more definite in his recollection.  There is much conflict of testimony as to the handwriting of the various signatures denied by Mrs. Birchett.  There is some testimony of acknowledgment of the indebtedness sued on, and of negotiations to raise a sum of money wherewith to pay off that indebtedness.  This testimony is in part de-nied, and in part attempted to be explained on the theory that the admissions were in regard to a small debt owing to the bank by herself and husband, and that the proposed

Birchett v. Bank of Shelbyville.

loan to be negotiated at another bank was for the purpose
of effecting a compromise. Upon the issues thus made up,
there was naturally great conflict of testimony. It would
be unprofitable to go into an elaborate statement of the
testimony upon the various points. Certain genuine sig-
natures of Mrs. Birchett were introduced for the purpose
of comparison with the disputed signatures, and the orig-
inal disputed writings and certain genuine writings have
been brought up from the circuit court, to be considered
upon this appeal. Upon the issues of fact the chancellor
decided in favor of the bank, and, from our examination
of the testimony and the original papers before us, we do
not feel authorized to reverse his finding.

A question of practice is raised, under the act of May 17,
1886 (Kentucky Statutes, section 1649), regulating the ad-
mission of evidence of disputed handwriting by compari-
son. Section 3 of the act provides in reference to the intro-
duction of genuine writings for the purpose of comparison:
"A party proposing to introduce such writings must give
reasonable notice of his intentions to the opposite party or
his attorney, with reasonable opportunity to examine them
before commencement of the trial." Notice was given of the
taking of depositions about a month prior to the final hear-
ing, and in the notice it was stated: "And to said wit-
ness it [the plaintiff] will submit for inspection and com-
parison certain writings and signatures of defendant Maria
B. Birchett, and continue until completed." It is objected
that this notice does not state what the writings are which
are to be submitted. Upon the trial of a common-law cause
it would, no doubt, be necessary, under this section, to sub-
mit the writings for examination a reasonable time before
the commencement of the trial. But in the taking of depo-
sitions to be used in an equity cause, we think the notice

given was sufficient, as it gave notice of the intention to introduce writings for comparison; and the depositions were taken a sufficient length of time before the hearing to afford the opposing party and her counsel a reasonable opportunity to examine them before the commencement of the trial.

For the reasons given, the judgment is affirmed.

Petition for rehearing by appellant overruled.